No. 11,224.

STRANGER, ET AL. *v.* HARRIS.

Decided May 4, 1925. Rehearing denied June 1, 1925.

Proceeding involving exemption of earnings from attachment or garnishment. Judgment for defendant.

*Affirmed.*

*On Application for Supersedeas.*

1. WORDS AND PHRASES—"*Earnings*," "*Wages*," "*Personal Earnings*," discussed and distinguished.

2. EXEMPTIONS—*Contractor—Earnings.*  Profits of a contractor on road work, held to be earnings within the meaning of that term as used in section 5917, C. L. '21, and 60 per cent thereof exempt from garnishment.

*Error to the County Court of Mesa County, Hon. N. C. Miller, Judge.*

Messrs. MCMULLIN, STERNBERG & HELMAN, Messrs. TUPPER & SMITH, Mr. CHARLES M. HOLMES, for plaintiffs in error.

Messrs. BURGESS & ADAMS, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the court.

THIS is an action originally instituted in a justice court in which the plaintiff and interveners below attached moneys of defendant held by the county of Mesa. The cause comes here on writ of error to the county court, and is before us on the application of plaintiff and interveners below for a supersedeas to stay the judgment of the county court exempting a part of the moneys, above mentioned, from attachment or garnishment.

The defendant in error, defendant below, J. T. Harris, had a contract with the county of Mesa whereby he was to receive the sum of $2.50 per cubic yard for the surfacing of a county road. He did the work, or caused it to be done. The county paid creditors of defendant who had furnished labor or material on the work, and deducted the amount so paid from the amount due defendant under the contract. One creditor was not thus paid, but the item due him is not involved here. In its answer to the garnishee summons the county reported as having the sum of $798.47 due defendant. This sum was treated in the court below, and will be considered here, as being due to defendant on the con-

tract for road surfacing, after those who had furnished defendant with labor or material had been paid. It really represents the profit which defendant made on his contract. The county court, in its judgment, ordered, among other things, that out of the sum of $798.47, above mentioned, the sum of $479.08 be paid over to defendant. In other words, the county court held that said last named sum, being 60 per cent of the first named sum, was exempt from attachment or garnishment. The correctness of that holding is the only question presented for our determination.

Section 5917, C. L. 1921, so far as material in this case, reads as follows: "There shall be exempt from levy under execution or attachment or garnishment, sixty per cent. of the amount due for wages or earnings of any debtor at the time such levy is made under execution, attachment or garnishment of the same; * * *."

The earnings of defendant in error were according to the work done, and not according to the length of employment. This fact does not preclude them from being "earnings" within the meaning of the statute. 25 C. J. 66.

"Earnings" is a broader term than "wages." And it is a broader term than the term or expression "personal earnings" or the expression "earnings for personal services". 25 C. J. 68. Services of the debtor must, however, be the chief factor. Id. In the instant case, services of the debtor and his assistants were the chief factor. While the debtor was required, under his contract, to furnish clay for surfacing the road, the contract was not one to furnish material, but to do the work, that is, surface the road.

The debtor employed from 10 to 22 men on the work, and used from 18 to 20 teams. He also used his own automobile, and his own tent, and some borrowed implements, scrapers and a road grader. The fact that some capital, and some assistants, enter into the work, does not prevent the income from the contract from being "earnings" within the meaning of our statute. *Kuntz v. Kinney,* 33 Wis.

510. In the instant case services of the debtor and his assistants were the chief factor. Capital was not. The court did not err in holding the money in question to be "earnings" and 60 per cent. thereof exempt from garnishment.

The application for a supersedeas is denied and the judgment is affirmed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.