AERO SERVICE CORPORATION, a Delaware corporation, Plaintiff, v. E. S. GORDY and GORDY HOMES, INC., a Delaware corporation, Defendants.

[7]Mr. Justice Roberts, in *Lisenba v. People of State of California, supra* [314 *U. S.* 219, 62 *S. Ct.* 290].

(*November* 15, 1954.)

LAYTON, J., sitting.

*John T. Gallagher* (of Morris, Steel, Nichols and Arsht) for Plaintiff.

*David S. Keil* (of Keil and Keil) for Defendants.

Superior Court for New Castle County, No. 295, Civil Action, 1954.

LAYTON, J.:

It is tacitly conceded by defendant that the plaintiff was acting in the capacity of an independent contractor. Defendant also admits that unless the nature of the services performed by plaintiff under the contract in question were "personal services" within the meaning of § 8110, the plea of the Statute of Limitations cannot prevail.

It is clear to me that § 8110 was not designed to apply to the instant case. The very language of the section demonstrates that it has reference to the claims of servants, or members of the laboring classes and salaried employees. This is so because the kind of financial compensation or pay referred to is defined as "* * * wages, salary, or overtime * * *." It takes no citation of authority to conclude that wages, salary and overtime are definitions of the kind of financial compensation paid, not to the independent contractor, but rather to the worker in the master and servant relationship or to salaried employees.

Defendant has bolstered its argument by the expedient of lifting the words "personal services" out of context and citing certain cases[1] which, in the loose sense of the word refer to the work of an independent contractor as services. But the words "personal services" as they appear in § 8110 must be read in connection with the language of the entire section in order to ascertain their true meaning and, when so done, the conclusion must be as above stated.

It is probably true, as plaintiff's counsel argues, that § 8110 was designed to provide a Statute of Limitations for actions brought under the *Fair Labor Standards Act*, 29 *U. S. C. A.* § 201 *et seq.*, with particular reference to litigation growing out of the decision of the Supreme Court of the United States in *Anderson v. Mt. Clemens Pottery Co.*, 328 *U. S.* 680, 66 *S. Ct.* 1187, 90 *L. Ed.* 1515, the famous portal-to-portal decision. How-

---

[1]*Gerber v. Weinstein*, 141 *A.* 3, 6 *N. J. Misc.* 284, Services of an Architect.

ever, it appears too clear to me that § 8106, not § 8110, is the applicable Statute to render it necessary to decide this latter proposition.

Motion to strike granted.