No. 41,504

EDWIN P. MILLER, d/b/a MILLER CREDIT SERVICE, *Appellee*, v. A. P. KEELING, *Appellant*.

(347 P. 2d 424)

Opinion filed December 12, 1959.

*Frank G. Spurney*, of Belleville, was on the brief for the appellant.

*Charles A. Walsh*, of Concordia, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

Price, J.: The question here involves the validity of that provision of our statute (G. S. 1949, 60-3495) which precludes garnishment of a portion of the earnings of a judgment debtor where the creditor sells, assigns, sends or delivers the account to a collecting agency for collection.

The trial court held the provision in question to be unconstitutional and void.

Defendant judgment debtor has appealed.

The facts are not in dispute.

Defendant was indebted to the Nu-Tone Products Co. on an open account. The company sold and assigned the account to plaintiff collection agency. Plaintiff brought suit on the account in the county court of Republic county and recovered a judgment against defendant in the amount of $115.29. Plaintiff then filed an affidavit for garnishment and sought to garnish defendant's wages owed to him by the Umbergers for whom defendant was then working.

Defendant filed a motion to quash the garnishment proceeding on the grounds that (1) as plaintiff was the assignee of the account sued on the remedy of garnishment was, under the provisions of G. S. 1949, 60-3495, not available to it, and that (3) defendant was married and the head of a family.

This motion to quash was sustained by the county court—whereupon plaintiff appealed to the district court.

At this point reference should be made to two of our execution and garnishment statutes.

G. S. 1949, 60-3494, pertaining to the application of property of a judgment debtor toward satisfaction of the judgment, provides, in part, that the earnings of a debtor who is a resident of this state, for his personal services at any time within three months next preceding the order, cannot be so applied when it is made to appear by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of a family supported wholly or partly by his labor, except as provided in G. S. 1949, 60-3495.

G. S. 1949, 60-3495, pertaining to the exemption of personal earnings of heads of families from attachment or garnishment, provides, in material part, that ten per cent and court costs not to exceed four dollars, and no more, of the earnings of a debtor who is a resident of the state, for his personal services at any time within three months

next preceding the issuing of any attachment or garnishment process, may be taken and applied to the payment of his debts when it is made to appear by the debtor's affidavit, or otherwise, that the remainder of such earnings above the ten per cent and court costs not to exceed four dollars are necessary for the maintenance of a family supported wholly or partly by his labor. The section also contains this proviso:

"That if any person, firm or corporation sells or assigns his account to any person or collecting agency, or sends or delivers the same to any collector or collecting agency for collection, then such person, firm or corporation or the assignees of either shall not have nor be entitled to the benefits of this act:"

In other words, under the conditions specified therein, 60-3494 exempts from execution and garnishment the wages of a judgment debtor, except as provided in 60-3495, which, as has been stated, specifies conditions under which a judgment creditor *may* have garnishment process against certain earnings of the judgment debtor, *subject to the specific provisio above quoted.*

In the district court it was conceded that plaintiff was a collector and a "collection agency" within the meaning of the statute; that it was the assignee of the account upon which the judgment was founded; that defendant was the head of a family, and that the sum sought to be taken in garnishment was his personal earnings currently earned and payable.

In holding that the proviso in question violates both the "equal protection of the laws" clause of the fourteenth amendment to the federal constitution and section 1 of our own bill of rights which provides that "all men are possessed of equal and inalienable natural rights, among which are life, liberty, and the pursuit of happiness," the district court stated in part:

"This Court is not concerned with the wisdom of the statute—that lies within the province of the legislature. It is concerned, however, with the authority of the legislature to enact such a statute.

"There can be no question that this statute denies to one class of citizens that which is granted other classes. Certainly, the legislature could not have believed collectors or collecting agencies so evil or dishonest they must be discriminated against. Neither could the legislature say one class of debtor, namely the account, should be treated differently from the many other classes of debtors. To do so would be to stigmatize both the creditor and debtor. This statute singles out a certain class of creditors, denying to them privileges granted other classes. This situation can not be maintained upon grounds of public welfare or police power. It is an impairment of contract of assignment.

"This Court is of the opinion the legislature may withhold the privilege of

garnishment from all classes. It cannot prohibit garnishment to only one class. An attempt to do so is violative of the Federal and State Constitutions.

"The motion to quash is overruled."

In harmony with this ruling, judgment was entered remanding the matter to the county court with instructions to set aside the order quashing the garnishment proceeding, and costs of the appeal were taxed to defendant.

The effect of the district court's ruling being to reinstate the garnishment proceeding notwithstanding that plaintiff collection agency was the assignee of the account upon which the judgment was founded, defendant judgment debtor has appealed.

In support of the district court's ruling the gist of plaintiff's contentions is that to single out a creditor who assigns his claim to a collection agency and thus deny the right to garnishment in the circumstances mentioned in the statute amounts to an arbitrary and unreasonable classification having no relation to the subject matter— garnishment and the collection of debts—and in this connection a number of cases are cited, among them being *In re Irish*, 122 Kan. 33, 250 Pac. 1056; *City of Atchison v. Beckenstein*, 143 Kan. 440, 54 P. 2d 926, and *McCulley v. City of Wichita*, 151 Kan. 214, 98 P. 2d 192, 127 A. L. R. 312, none of which, however, is factually analogous. (And see *State, ex rel., v. Consumers Warehouse Market*, 185 Kan. 363, 343 P. 2d 234.)

Defendant judgment debtor, on the other hand, contends the provision in question does not impair plaintiff's contract in view of the fact the statute was in force and effect when the account sued on was first incurred and when it was assigned to plaintiff, and that the remedies for the enforcement of a contract existing when the contract is made constitute a part of its obligation. (See 12 Am. Jur., Constitutional Law, § 431, p. 67.)

He further contends that what was said and held in *Losier v. Sherman*, 157 Kan. 153, 138 P. 2d 272 (1943), is decisive on the question here.

The Losier case was an action in which the plaintiff sought an injunction to prevent defendant from subjecting his earnings to garnishment proceedings because defendant had placed his account against plaintiff with a collection agency. The plaintiff contended (just as is contended here by defendant) that the provision of the statute in question means exactly what it says, and that a creditor who turns over his account to a collection agency may not have the

benefit of the act permitting garnishment of earnings. In holding
that the remedy of garnishment was not available, it was said:

"The statute under consideration specifies conditions under which a judg-
ment creditor may have garnishment process against certain earnings of the
judgment debtor, with a specific proviso that if any person, firm or corporation
sends or delivers his account against another to any collector or collection
agency for collection, he shall not be entitled to the benefits of the act. This
act, which has been in effect for almost thirty years, does not take from any
judgment creditor, without trial, any civil rights or remedy, nor does it inflict
any penalty or punishment without a trial. When the debt here involved was
incurred, the creditor was bound to take notice of the conditions under which
he could seek by garnishment process to levy on the earnings of his debtor
if the debtor became in default. The statute conferred a right on the creditor
of which he could avail himself if he observed its terms and conditions. The
choice was his, and it may not be said the proviso in question is in any sense
a bill of attainder.

. . . . . . . . . . . . . .

"We think that the portion of the statute quoted above means just what it
says, and if a creditor sees fit to send or deliver his account to a collector or
collecting agency, he shall not be entitled to the benefits of the statute per-
mitting garnishment of a portion of the earnings of his debtor, as provided in
the statutes above mentioned." (p. 156.)

It is quite true that in the Losier case the statute was not attacked
on the grounds here urged, but we believe that what was there said
and held applies with equal force to the case before us.

The statute in question was in full force and effect when the debt
here was incurred and when the account evidencing it was assigned
by the creditor to plaintiff collection agency. We have no question
of the impairment of a preexisting contract and remedy for its en-
forcement. (See 12 Am. Jur., Constitutional Law, § 442, p. 84, and
the annotation at 93 A. L. R. 177.) When this account was assigned
both the creditor and plaintiff, the assignee, were bound to take
notice of the conditions under which garnishment process could be
had. Instead of taking rights away from a creditor, the statute, in
reality, confers rights (of garnishment) of which he may avail him-
self upon observance of its terms and conditions.

We think it may not be said the statute creates an arbitrary and
unreasonable classification resulting in unequal protection of the
laws. In fact, under and by virtue of its very provisions, the remedy
of garnishment is made available to all creditors—provided they ob-
serve its terms. The choice is theirs. The general rule is that ex-
emption laws are to be liberally construed in favor of those intended
to be benefited and favorable to the objects and purposes of the en-

actment (22 Am. Jur., Exemptions, § 6, p. 9; *Mallory v. Berry,* 16 Kan. 293; *Dowd v. Heuson,* 122 Kan. 278, 280, 252 Pac. 260, 52 A. L. R. 823), and, with respect to the exemption of wages or earnings, it has been said that the purpose of such exemption is to protect a class of persons who are largely dependent on their wages for support, as well as their families and dependents who look to them for a living, and that such a statute should receive a liberal construction rather than one which would defeat the benevolent object aimed to be accomplished (22 Am. Jur., Exemptions, § 64, p. 56). In enacting the specific proviso in question perhaps the legislature had in mind to protect the dependents of wage earners from repeated harassment by "professional collection agencies." Be that as it may—it was within the province of the legislature to enact the proviso, and it is not invalid on either of the grounds asserted.

The result is that we believe the court erred in overruling the motion to quash the garnishment proceeding, and the judgment is therefore reversed.