Houston-Starr Company *v.* Davenport et al., Appellants.

Argued November 16, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before WEKSELMAN, J.

*Ronald J. McKay*, with him *Jubelirer, McKay, Pass & Intrieri*, for appellant.

*Robert A. Nedwick*, with him *Hollinshead and Mendelson*, for appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

This is an appeal from the Order of the Court of Common Pleas of Allegheny County, denying appellants' motion for a new trial and judgment n.o.v.

The appellee, a judgment creditor of the appellant, Levy Davenport, attempted to execute on funds held by the appellant, Hidden Valley Tennis Club, and owed to Davenport.

Appellants resisted the attempt, alleging that any funds owed by Hidden Valley to Davenport were exempt from attachment by virtue of the Act of April 15, 1845, P. L. 459, §5, 42 P.S. §886.[1] The issue at trial was whether the relationship between the appellants was that of owner and general contractor, or owner-general contractor and construction supervisor in a project for the construction of indoor tennis courts. If Davenport was a general contractor, funds owed to him by Hidden Valley were subject to attachment. If he was a construction supervisor, his services were in the nature of an employee's, and his wages or salary were exempt from attachment. See *Hollander v. Kressman,* 143 Pa. Superior Ct. 32, 17 A. 2d 669 (1941) ; *Bell v. Roberts,* 150 Pa. Superior Ct. 469, 28 A. 2d 715 (1942).

During the pre-construction phase of the project, the Club's mortgagee, in order to protect the priority of its lien, required the execution and filing of a no-lien contract between the Club and construction contractors. This agreement was filed of record, naming Davenport as general contractor and the club as owner. At trial, the appellee offered this contract as evidence of an owner-general contractor relationship. The appellants' version of the relationship was that they initially intended Davenport to be general contractor, but that time pressures required Hidden Valley to act as general contractor, and hired Davenport as construction supervisor for a fee of $12,000.00.

---

[1] "If the garnishee in his answers admit that there is in his possession or control property of the defendant liable under said act to attachment, then said magistrate may enter judgment specially, to be levied out of the effects in the hands of the garnishee, or so much of the same as may be necessary to pay the debt and costs: Provided however, That the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer. 1845, April 15, P. L. 459, §5."

By special interrogatory, the jury found that Davenport acted as general contractor. On appellee's motion the trial judge molded a verdict for $9,000.00 in its favor. Appellants filed motions for judgment n.o.v. and for a new trial. The former motion was denied and the latter was granted unless appellee filed a remittitur of $3,000.00. Appellee filed the remittitur and judgment in the amount of $6,000.00 was entered in its favor.

Although appellants raise a number of contentions only two require discussion.[2] The first relates to the trial court's limitation of appellant's examination of a witness called by the appellee as for cross-examination.

Appellee called William Aull, Jr., secretary of Hidden Valley Tennis Club, to establish the amount of money owed by Hidden Valley to Davenport, and the cross-examination was specifically limited thereto. Appellant's counsel then attempted to question the witness concerning the execution and filing of the no-lien agreement, and the nature of the relationship between the appellants. The trial judge, on appellee's objection, refused to allow this line of questioning.

Appellants contend that the proposed questioning related to matters growing out of the subject pursued on cross-examination, and that the limitation thereof was an abuse of discretion. Under the Act of March 30, 1911, P. L. 35, §1, 28 P.S. §381,[3] when a witness

---

[2] Appellants' contention that they were entitled to judgment n.o.v. is clearly without merit. Giving the verdict winner the benefit of all facts and reasonable inferences therefrom, the evidence of the no-lien agreement naming Davenport as general contractor is sufficient to support the jury's special finding. We also find that the charge of the court on the distinction between a general contractor and a construction supervisor was adequate.

[3] "In any civil proceeding, whether or not it be brought or defended by a person representing the interests of a deceased or lunatic assignor of any thing or contract in action, a party to the

with an adverse interest is called as for cross-examination, he may thereafter be questioned as to related matters inquired about during cross-examination. However, when the examination is designed to introduce a main defense, it is entirely proper for a trial judge to disallow it. *Kline v. Kachmar,* 360 Pa. 396, 61 A. 2d 825 (1948); *Rogan Estate,* 404 Pa. 205, 171 A. 2d 177 (1961); *Rohr v. Logan,* 206 Pa. Superior Ct. 232, 213 A. 2d 166 (1965). The attempt to elicit testimony concerning the circumstances of the execution of the no-lien agreement and the nature of the relationship between appellants was clearly designed to introduce appellants' exemption defense. Therefore, the court did not err in limiting counsel's examination. Appellants called the witness in their case in chief and fully developed their version of the relationship. By its special finding, it is clear that the jury rejected the explanation. Under the circumstances the appellants were not prejudiced by the restriction on their examination of the witness.

Appellants next argue that the court erred in conditionally granting a new trial. The trial judge molded a verdict in the amount of $9,000.00, representing the contract amount of $12,000.00 minus $3,000.00 paid prior to service of the attachment. At the time of trial,

---

record, or a person for whose immediate benefit such proceeding is prosecuted or defended, or any director or other officer of a corporation or joint stock or other association which is a party to the record, or for the immediate benefit of which such proceeding is prosecuted or defended, *or any other person whose interest is adverse to the party calling him as a witness,* may be compelled by the adverse party to testify as if under cross-examination, subject to the rules of evidence applicable to witnesses under cross-examination, and the adverse party calling such witnesses shall not be concluded by his testimony, but such person so cross-examined shall become thereby a fully competent witness for the other party as to all relevant matters whether or not these matters were touched upon in his cross-examination, . . ."

however, the construction project was incomplete so that Hidden Valley did not owe Davenport the full contract price. The trial judge concluded that $3,000.00 was a reasonable value of the services still owed by Davenport. He therefore granted a new trial unless the appellee filed a $3,000.00 remittitur. The appellee filed the remittitur and judgment in the amount of $6,000.00 was entered.

Appellants do not question the trial judge's power to condition the denial of a new trial on the filing of a remittitur because of the excessiveness of the verdict. The power of the court to do so is well established in Pennsylvania. See 6A Standard Pennsylvania Practice, Ch. 28, §115. Appellants argue that the amount of the remittitur was arbitrary and speculative. Appellants, however, did not object to the amount of the remittitur at the time it was ordered or after it was accepted by the appellees and judgment entered. Having failed to raise the issue for consideration in the court below, appellants cannot raise the issue for the first time on appeal. *Brunswick Corporation v. Key Enterprises, Inc.*, 431 Pa. 15, 224 A. 2d 658 (1968).

The judgment and order are affirmed.