2013 COA 136

**IDAHO PACIFIC LUMBER COMPANY, INC., Plaintiff–Appellant,**

v.

**CELESTIAL LAND COMPANY LIMITED, Garnishee, Appellee.**

**Court of Appeals No. 12CA1866**

Colorado Court of Appeals, Div. IV.

Announced September 26, 2013

Certiorari Dismissed August 5, 2014

Rehearing Denied November 14, 2013

Law Offices of Andrew Quiat, PC, Andrew L. Quiat, Englewood, Colorado, for Plaintiff–Appellant

Fognani & Faught, PLLC, John D. Fognani, Michael T. Hegarty, Paul G. Buchmann, Denver, Colorado, for Appellee

Opinion by JUDGE WEBB

¶ 1 This case primarily involves an unresolved question in Colorado: whether indebtedness owed to an independent contractor constitutes "earnings" under section 13–54.5–101(2)(a), C.R.S.2013, for purposes of applying the seventy-five percent exemption in section 13–54–104(2)(a)(I)(A), C.R.S.2013, to a writ of continuing garnishment. Plaintiff, Idaho Pacific Lumber Company, Inc. (judgment creditor), appeals the trial court's order upholding Celestial Land Company Limited's (garnishee) application of this exemption to a

debt it owed defendant, Jack B. Kaufman (judgment debtor).[1]

¶ 2 We conclude that because indebtedness owed to an independent contractor is not earnings, the exemption is inapplicable. Therefore, we reverse the order as it pertains to the calculation of the amount subject to garnishment and remand for the trial court to order that garnishee deposit the entire indebtedness owed to judgment debtor as of the date of service of the writs into the court registry. The order is otherwise affirmed.

## I. Background

¶ 3 Judgment creditor served garnishee with a writ of garnishment on personal property and a writ of continuing garnishment for any debt owed to judgment debtor. Garnishee answered the writs on the basis that the debt owed to judgment debtor constituted earnings, and therefore only twenty-five percent was subject to garnishment. Judgment creditor traversed the answer, asserting that because judgment debtor was an independent contractor rather than an employee, the debt did not constitute earnings, and thus all of the debt was subject to garnishment.

¶ 4 After a hearing, the trial court agreed with garnishee:

[M]oney owed to [debtor] by [garnishee] is "compensation paid or payable for personal services" and therefore constitute[s] "earnings" within the meaning of [section] 13–54.5–101(2)[, C.R.S.2013]. The court rejected [judgment creditor's] claim that [debtor] is not performing personal services.

The court also rejected [judgment creditor's] argument that money owed to an independent contractor cannot be earnings. The definition of "earnings" includes "compensation paid or payable for personal services". . . . There is no limitation.

The court ordered that "of the $45,000 currently held by [garnishee] as earnings of [debtor], $33,750 is exempt from garnishment and $11,250 is subject to garnishment under the continuing writ of garnishment." Based on this conclusion, the court held that the traverse filed by judgment creditor as to the writ of garnishment on personal property was moot.[2]

¶ 5 The court also denied judgment creditor's motion for a writ of assistance under C.R.C.P. 69 and quashed a subpoena to produce documents served on the law firm representing garnishee, which was also a party to the independent contractor agreement between garnishee and judgment debtor.[3]

## II. Payments to an Independent Contractor Are Not Earnings for Purposes of the Garnishment Exemption

¶ 6 Judgment creditor first contends the trial court erred in concluding that the debt owed to judgment debtor by garnishee constituted earnings under section 13–54.5–101(2)(a)(I), C.R.S.2013. We agree.

## A. Standard of Review

¶ 7 Questions of statutory interpretation are reviewed de novo, looking first at the plain language of a statute to determine legislative intent. *Granite State Ins. Co. v. Ken Caryl Ranch Master Ass'n*, 183 P.3d 563, 567 (Colo.2008). If the meaning is clear, the statute is applied as written. *Wells Fargo Bank v. Kopfman*, 226 P.3d 1068, 1072 (Colo. 2010). When examining the plain language of a statute, "[w]e do not presume that the legislature used language 'idly and with no intent that meaning should be given to its language.'" *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 597 (Colo.2005) (citation omitted). In addition, "we strive to interpret statutes in a manner that avoids rendering any provision superfluous." *Qwest*

---

1. Kaufman is not a party to this appeal.

2. Although the court did not explain the basis for this conclusion, it is correct because the definitions of earnings in section 13–54–104, C.R.S. 2013, and in section 13–54.5–101, C.R.S.2013, are identical.

3. At oral argument, judgment creditor conceded that the subpoena ruling would be moot, if we held the exemption inapplicable.

*Corp. v. Colo. Div. of Prop. Taxation,* 2013 CO 39, ¶ 16, 304 P.3d 217.

## B. Law

■ ¶ 8 Garnishment "is a remedy in aid of execution of an existing judgment that is set forth by statute and court rules." *TCF Equip. Fin., Inc. v. Pub. Tr.,* 2013 COA 8, ¶ 8, 297 P.3d 1048. The purpose of garnishment is to reach assets of the judgment debtor in the hands of third parties. § 13–54.5–103, C.R.S.2013; C.R.C.P. 103.

■ ¶ 9 Section 13–54.5–103(1), (2), C.R.S. 2013, identifies property and earnings subject to garnishment:

(1) Any earnings owed by the garnishee to the judgment debtor at the time of service of the writ of continuing garnishment upon the garnishee and all earnings accruing from the garnishee to the judgment debtor from such date of service up to and including the ninetieth day thereafter shall be subject to the process of continuing garnishment. . . .

(2) Any indebtedness, intangible personal property, or tangible personal property capable of manual delivery, other than earnings, owned by the judgment debtor and in the possession and control of the garnishee at the time of service of the writ of garnishment upon the garnishee shall be subject to the process of garnishment.

Thus, both earnings payable by the garnishee and "any indebtedness" are garnishable.

¶ 10 However, a writ of continuing garnishment "shall apply only to proceedings against the earnings of a judgment debtor." § 13–54.5–102(3), C.R.S.2013. Such a writ constitutes "a lien and continuing levy against said earnings due for one hundred eighty-two days following service of the writ." § 13–54.5–102(2), C.R.S.2013; *see* C.R.C.P. 103(1)(a)(1) ("continuing garnishment" is a means of "withholding the earnings of a judgment debtor"). And section 13–54–104(2)(a)(I)(A) limits garnishment to twenty-five percent of "disposable earnings."[4]

## C. Application

■ ¶ 11 In deciding whether this limitation applied to the debt owed by garnishee to judgment debtor, we begin with the parties' stipulation that garnishee dealt with judgment debtor as an independent contractor. Based on that stipulation—which is consistent with the agreement among garnishee, garnishee's counsel and judgment debtor, introduced at the hearing—the question reduces to interpreting "earnings."

¶ 12 Section 13–54.5–101(2)(a)(I) defines "earnings" as "[c]ompensation paid or payable for personal services, whether denominated as *wages, salary, commission, or bonus.*" (Emphasis added.) It does not mention independent contractors. In contrast, section 13–54.5–101(2)(b), C.R.S.2013, added in 1996, provides:

(b) For the purposes of writs of garnishment that are the result of a judgment taken for arrearages for child support or for child support debt, for restitution for the theft, embezzlement, misappropriation, or wrongful conversion of public property, or in the event of a judgment for a willful and intentional violation of fiduciary duties to a public pension plan where the offender or a related party received direct financial gain, *"earnings" also means* :

(III) *Payment to an independent contractor for labor or services* . . . .

(Emphasis added.) *See Roberts v. People,* 130 P.3d 1005, 1009 (Colo.2006) ("The word 'also' implies . . . *in addition* to. . . .").

¶ 13 Interpreting the definition of earnings in section 13–54.5–101(2)(a) to include payments due to independent contractors, as garnishee suggests, would render "also" superfluous. And including payments to independent contractors in the definition of earnings in section 13–54.5–101(2)(b) would be redundant.

¶ 14 Further, the language used to define "earnings" in section 13–54.5–101(2)(a)(I)— "wages, salary, commission, or bonus"—does not support the inclusion of payments to independent contractors. Such terms gener-

---

4. *See* § 13–54–104(1)(a), C.R.S.2013 (disposable earnings means "that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld and after the deduction of the cost of any health insurance.").

ally imply an employer/employee relationship, not a relationship to an independent contractor.[5] By striking the words "or otherwise" from the end of this phrase in 1991, the General Assembly limited the definition of "earnings" to the types of compensation listed.[6] *See* 2A Norman J. Singer & Shambie Singer, Sutherland Statutory Construction § 47:17 (7th ed. 2012) ("Where ... specific words follow[ ] general ones, [*ejusdem generis*] restricts application of the general term to things that are similar to those enumerated.").

¶ 15 Nevertheless, garnishee argues that section 13–54.5–101(2)(b)(III), C.R.S.2013, merely "clarifies that in certain situations" the definition of earnings "includes the additional sources of income" for independent contractors. This argument is unpersuasive, for two reasons.

¶ 16 First, none of the other income categories is unique to independent contractors. Instead, the categories arise from other types of relationships, such as shareholders (dividends), landowners (royalties), landlords (rent), and contestants (prizes).

¶ 17 Second, the syntax of section 13–54.5–101(2)(b)(III) weighs against garnishee's interpretation. Independent contractors are paid "for" labor or services. Payments in the other categories are not "for" something, but because of an underlying relationship. *See Krol v. CF & I Steel*, 2013 COA 32, ¶ 19, 307 P.3d 1116 (considering syntax in statutory interpretation).

¶ 18 Garnishee also argues that excluding payments to independent contractors from the definition of earnings in section 13–54.5–

101(2)(a) defeats the purpose of the twenty-five percent limitation on the garnishment of earnings, because an independent contractor would choose to discharge the judgment in bankruptcy over the prospect of having all income subject to garnishment. Garnishee cites *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), where the Supreme Court held that "the limitations on the garnishment of wages" in the federal Consumer Creditor Protection Act (CCPA) "permit[ ] the continued orderly payment of consumer debts" while "preserv[ing] ... employment and insur[ing] a continued means of support." But *Kokoszka* did not involve an independent contractor.

¶ 19 While many independent contractors engage in ongoing activities that generate periodic payments, the policy consideration of incenting an independent contractor to continue such activity because only twenty-five per cent of the resulting payments could be garnished does not "justify disregarding the plain language" of section 13–54.5–101(2)(a)(I). *Krol*, 2013 COA 32 at ¶ 28 n. 6, 307 P.3d 1116. Rather, where the plain language is clear and unambiguous, as here, "we must apply the statute as written, without second-guessing the legislature's policy judgments." *Rost v. Atkinson*, 2012 COA 74, ¶ 19, 292 P.3d 1041; *see Packard v. Packard*, 33 Colo.App. 308, 309–10, 519 P.2d 1221, 1222 (1974) ("Assuming, arguendo, that plaintiff's public policy argument has merit, we may not write special limitations into the exemption statute.").

¶ 20 Further, courts applying the CCPA or state statutes with similar wording are split

---

**5.** *See, e.g., Campbell v. Stucki*, 220 S.W.3d 562, 566–67 (Tex.App.2007) ("The term 'wages for personal service' necessarily implies a relationship of master and servant, or employer and employee, and excludes compensation due to an independent contractor as such."); *In re Branscum*, 229 B.R. 32, 33–34 (Bankr.M.D.Fla.1999) (Florida statute which protects "earnings," defined as "compensation paid or payable ... for personal services or labor, whether denominated as wages, salary, commissions, or bonus," does not protect independent contractors); *Olson v. Townsend*, 148 Vt. 135, 530 A.2d 566, 568 (1987) (" '[E]arnings' is defined as either 'wages, salary, commission, bonus, or otherwise,' all words which are commonly understood to apply within an employer-employee relationship."); *Aero Serv.*

*Corp. v. Gordy*, 109 A.2d 393, 394 (Del.Super.Ct.1954) ("It takes no citation of authority to conclude that wages, salary and overtime are definitions of the kind of financial compensation paid, not to the independent contractor, but rather to the worker in the master and servant relationship or to [a] salaried employee.").

**6.** *Compare* Ch. 111, sec. 1, § 13–54.5–101(2), 1984 Colo. Sess. Laws 469 (defining "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus ... or otherwise"), *with* Ch. 65, sec. 5, § 13–54.5–101(2)(a)(I), 1991 Colo. Sess. Laws 384 (striking "or otherwise").

on whether independent contractors should benefit from an exemption. *Compare Coward v. Smith*, 6 Kan.App.2d 863, 636 P.2d 793, 796 (1981) ("[T]he purpose of the wage garnishment exemption statute is to protect an employee and not an independent contractor."), *with In re Duncan*, 140 B.R. 210, 213 (Bankr.E.D.Tenn.1992) (garnishment limitations "apply equally to individuals working as independent contractors as well as to those engaged in traditional employee relationships"). And many of the cases applying garnishment limitations to independent contractors involve definitions of earnings that include the phrase "or otherwise." *See, e.g., Rhodes v. Sinclair*, 2012 WL 5993806, at *5 (Ohio Ct.App.2012) ("[T]he use of the language 'or otherwise' indicates a broad protection of earnings."); *Olson*, 530 A.2d at 567 ("the words 'or otherwise' include other forms of compensation similar in nature to those enumerated," i.e., within employer/employee relationship). As indicated, the legislature struck this phrase from section 13–54.5–101(2)(a).

¶ 21 Accordingly, we conclude that the definition of earnings in section 13–54.5–101(2)(a)(I) does not cover payments made to an independent contractor. And here, because the writ of continuing garnishment was not based on a judgment arising from any of the debt categories listed in 13–54.5–101(2)(b), we further conclude that the trial court erred by applying the twenty-five percent limitation to the debt owed to debtor by garnishee. On remand, the trial court shall grant the traverse and order garnishee to deposit into the court registry all indebtedness owed judgment debtor when the writs were served.

### III. Writ of Assistance

¶ 22 Judgment creditor next contends the trial court erred by denying its motion for a writ of assistance. We disagree.

¶ 23 C.R.C.P. 69(a) provides that "[e]xcept as provided in C.R.C.P. 103 or an order of court directing otherwise, process to enforce a final money judgment shall be by writ of execution." However, "a writ of execution ... is not an exclusive remedy." *First Nat'l Bank of Denver v. Dist. Court*, 652 P.2d 613, 617 (Colo.1982). Rather, a judgment creditor is "also entitled to employ supplemental proceedings in aid of execution to collect the judgment from the [debtor's] property." *Id.* (citing C.R.C.P. 69(f)). Under C.R.C.P. 69(g), the court:

> may order any party or other person over whom the court has jurisdiction, to apply any property other than real property, not exempt · from execution, whether in the possession of such party or other person, or owed the judgment debtor, towards satisfaction of the judgment.

However, "[w]hen there is an actual dispute as to ownership of property, the court may not try such an issue in a C.R.C.P. 69 proceeding...." *Sec. Investor Prot. Corp. v. First Entm't Holding Corp.*, 36 P.3d 175, 179 (Colo.App.2001).

¶ 24 Here, citing C.R.C.P. 69, judgment creditor moved for a writ of assistance "ordering that certain non-exempt property of the judgment debtor ... be applied towards satisfaction of the judgment." Judgment creditor asked that the writ of assistance "be interpreted broadly to include all monies and property, however, designated, to which the Judgment Debtor, directly or indirectly, is and shall be entitled to receive, now or in the future." The writ provided:

> TO THE SHERIFFS OF ANY AND ALL COUNTIES: You are hereby ordered and directed in the within case to assist by seizing and taking into custody and control any and all papers, documents, negotiable instruments, business records, computer records, computers, bank records, originals or copies of deeds, division orders, leases on oil and gas properties, stock certificates, stock purchase and sale orders, cash, checks, stocks, bonds, personal property and all other notes, memoranda or business records of whatsoever kind or nature as may be found in the possession of or under the direction and control of Judgment Debtor Jack B. Kaufman and any entity in which he may have an interest, directly or indirectly, or of which he is or has been an officer, specifically including, but not limited to, those items contained within the trunk of any automobile which

any of the foregoing may drive or which may be in his or their possession or control or within any briefcase or office in the possession of control of any of the foregoing.

¶ 25 The writ also sought an order "directing, enjoining and requiring" various activities by the debtor, including:

- "That the judgment debtor not sell, transfer, assign, hypothecate, pledge or otherwise affect any interest in any property he owns directly or indirectly without previous permission of this Court or of the Judgment Creditor."

- "That the Judgment Debtor with respect to all of his said property, to the extent the same is not exempt from execution pursuant to statute, shall turn over the same to and place it under the jurisdiction, custody and control of the Plaintiff within a period of [twenty-four] hours following receipt of this Order."

- "That the Judgment Debtor turn over said property which shall specifically include but not be limited to the corporate books and records in his custody or control, directly or indirectly, of the following Trusts and entities: [listing twenty-four trusts and entities]."

- "That the Judgment Debtor not spend, sell, transfer, assign, convey, give away or otherwise utilize any cash, gold or silver coins or bouillon, any philatelic collection or any other assets to any other person without order of this Court or permission of the Plaintiff."

The trial court denied the motion, explaining that it "found no law in support of such a broad writ." We discern no abuse of discretion.

¶ 26 Judgment creditor cites no authority, nor have we found any in Colorado, authorizing such a broad writ of assistance under C.R.C.P. 69. Instead, judgment creditor relies on the phrase "or an order of court directing otherwise," in C.R.C.P. 69(a). However, the rule does not mandate that such orders be issued. *Cf. Lanni v. New*

*Jersey,* 259 F.3d 146, 154 (3d. Cir.2001) (comparable Fed.R.Civ.P. 69(a) "makes the issuance of a writ of execution discretionary").[7]

¶ 27 Generally, "[a] writ of assistance is a form of process issued by a court of equity to transfer the possession of lands, the title or right of possession to which it has previously adjudicated...." 21 A.L.R. 358, *By whom writ of assistance issued* (1922); *see* C.R.C.P. 70 ("When any order or judgment is for the delivery of possession, the party in whose favor it is entered is entitled to a writ of execution or assistance upon application to the clerk."). But even assuming that a writ of assistance could be sought against a judgment debtor's personal property, ownership of which is not in dispute, here, the writ identified only categories of property, not any specific property.

¶ 28 Further, the requested writ of assistance was extremely broad. Compliance would, as the trial court observed, preclude judgment debtor from spending any money on necessities. Compliance would also require judgment debtor to marshal and surrender to judgment creditor "all" non-exempt property, within twenty-four hours, which does not appear reasonable. And the vagaries in the proposed writ, such as "any property he owns directly *or indirectly*" (emphasis added), would leave judgment debtor at significant risk, if judgment creditor pursued contempt for judgment debtor's noncompliance with the writ.

¶ 29 The same lack of specificity would also make compliance with the proposed writ by "sheriffs of any and all counties" problematic. Because the writ does not describe specific property, such sheriffs would not be able to discern whether seizure of property, ostensibly under the judgment debtor's "custody and control," might be wrongful. And like judgment debtor, such sheriffs could not ascertain whether judgment debtor held "an interest, directly *or indirectly*." (Emphasis added.)

---

7. *See Alcon v. Spicer,* 113 P.3d 735, 741 (Colo. 2005) (when Colorado's rule is modeled after the corresponding federal rule, commentary and case law interpreting the federal rule is persuasive.)

¶ 30 Accordingly, we conclude the trial court did not err in denying judgment creditor's motion for a writ of assistance.

## IV. Attorney Fees

¶ 31 Finally, judgment creditor seeks its attorney fees on appeal under C.R.C.P. 103(8)(b)(5), which provides:

> At any hearing upon a traverse, the court shall make such orders as to reasonable attorney fees, costs and expense of the parties to such hearing as *are just*.

(Emphasis added.) An award of attorney fees under this rule is discretionary. *United Guar. Residential Ins. Co. v. Dimmick*, 916 P.2d 638, 642 (Colo.App.1996). Judgment creditor cites no authority, nor have we found any, applying this rule to a claim for appellate attorney fees.

¶ 32 Nevertheless, judgment creditor argues that appellate attorney fees should be awarded because garnishee's answer to the writs was inaccurate. But even assuming, without deciding, that we have authority to award such fees under C.R.C.P. 103(8)(b)(5), here such an award would not be "just." Whatever confusion arose from garnishee's answer was corrected at the hearing, which then proceeded to address the primary issue, exemption. And resolution of exemption was necessary, regardless of garnishee's answer.

¶ 33 The order is affirmed in part, reversed in part, and the case is remanded for further proceedings regarding judgment creditor's traverse.

JUDGE BERNARD and JUDGE DUNN concur.