**In re Bruce A. LANGLEY and Rhonda L. Langley, fka Rhonda L. Springsteel, Debtors.**

**Bankruptcy No. 681–06647.**

United States Bankruptcy Court, D. Oregon.

June 14, 1982.

Barry Taub, Eugene, Or., for debtors.

## MEMORANDUM OPINION

C. E. LUCKEY, Bankruptcy Judge.

The debtors herein, Bruce and Rhonda Langley, filed a joint voluntary petition in bankruptcy on December 18, 1981. On their schedule B–4 they claimed as exempt, among other things, "wages owed" in the amount of $250 and specified ORS 23.-160(1)(k) as the statute creating the exemption. On January 22, 1982 the trustee, Thomas Huntsberger, objected to this claim of exemption setting forth the reason for objection as: "Exemption cannot be used to increase wage exemption already provided in ORS 23.185".

On February 8, 1982 the Court entered an Order allowing the trustee's objection to the claimed exemption. On February 24, 1982 the attorney for the debtors filed a motion for a hearing on the trustee's objection, stating via affidavit that he had been out of the country from January 22, 1982 through February 10, 1982 and had thus been precluded from filing a timely request for hearing. The matter came on for hearing on April 9, 1982 with the trustee and attorney for the debtors both appearing.

The trustee contends that the exemption provided by ORS 23.160(1)(k) is applicable only to property not otherwise exempt and applies to property not otherwise exempt under any provision and not just exemptions contained in ORS 23.160. The debtors contend that ORS 23.160(1)(k), by its terms, only prohibits use of the exemption authorized therein to increase the amount of an exemption authorized elsewhere and claimed by the debtor. Since the debtors in this case have made no claim for exempt wages under ORS 23.185 they contend that claim of the wages as exempt under 23.-160(1)(k) is permissible.

ORS 23.160(1)(k) provides:

"23.160. Leviable property generally; selectable exemptions. (1) All property, including franchises, or rights or interest therein, of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. If

selected and reserved by the judgment debtor or the agent of the judgment debtor at the time of the levy, or as soon thereafter before sale thereof as the same shall be known to the judgment debtor, the following property, or rights or interest therein of the judgment debtor, except as provided in ORS 23.220, shall be exempt from execution:

\* \* \* \* \* \*

"(k) The debtor's interest, not to exceed $400 in value, in any personal property. However, this exemption may not be used to increase the amount of any other exemption."

Legislative intent underlying the scope and purpose of ORS 23.160(1)(k), as evidenced by the records of the proceedings of the House Committee on Judiciary subcommittee which considered the legislation, supports the trustee's position. The legislators treated the issues relevant to the case at bar on at least two occasions. The report of the proceedings of the House Committee on Judiciary, Subcommittee 2, May 5, 1981 at page 8 reveals:

"MOTION: REP. HENDRIKSEN moved conceptually that language be adopted, prepared by committee counsel, in (k), page 3 of the memorandum, the figure $200 be changed to $400 which would apply to other items than merely cash on hand but other *assets not otherwise exempt.*

"The motion carried 4–0 with Rep. Bugas, Hendriksen, Smith and Rutherford voting aye. Rep. Lombard and Mason were excused." [Emphasis added]

A more lengthy discussion of the subsection appeared in the report of the Subcommittee 2 meeting of May 12, 1981 where the following appears beginning at page 1:

"*Relating to exemptions from executions*
"LINDA ZUCKERMAN, Legal Counsel, stated at the last meeting the subcommittee discussed the amendments dated April 22, 1981 (Exhibit E, HB 2506). The committee agreed with all of the sections except subsection (k) on page 3 of the amendments.

"There was an ad hoc committee appointed to work some language out for subsection (k), replacing what is on page 3, which would read 'The debtors interest not to exceed $400 in value in any property. This exemption shall not be used to increase any exemption specified in ORS 23.160.[sic]

"She raised the question that since it says the 'debtors interest in any property' it doesn't specify real or personal property. She spoke to Gary Roberts who was on the ad hoc committee and he stated that they didn't really discuss that. She also suggested saying in the second sentence 'however this exemption shall not be used to increase any other exemption specified in ORS 23.160.[sic]

"MOTION: REP. SMITH moved that rather than using the amendment that allows a $400 exemption in any property, it should be specified in any personal property, which is intended to use cash or a cash equivalent. He didn't feel there was a reason to have a $400 additional exemption for real property since the homestead exemption would apply.

"REP. LOMBARD asked if this would create any confusion for the other categories. He wondered if it would be better to limit it to cash and then say something like cash on hand, time deposit, etc.

"REP. SMITH explained that the testimony received indicated that most often it is cash equivalencies that they deal with. This would be modifying the section that dealt with the $600 exemption for credit union shares.

"REP. SMITH felt that as long as it is enumerated among the other exemptions, the $400 so called pourover does not tack on. He felt that for purposes of indentifying [sic] it as personal property, it would be covering cash or cash equivalencies.

"REP. LOMBARD asked it [sic] this would cover stock or bonds.

"REP. SMITH felt that it would fall in with this section.

"He didn't see the pourover as growing into the federal pourover of $7,300.

"Hearing no further discussion or objection, the motion was adopted.

"MS. ZUCKERMAN asked if the motion would cover the language she suggested.

"REP. SMITH felt that ORS 23.160 is only the beginning of a number of exemptions. There are a lot of exemptions hidden in case law that are federal in nature rather than state. He wondered if that would be limiting the $400 pour-over if you say that you cannot tack it on to ORS 23.160. It was his intention that it not be tackable at all.

"MOTION: REP. SMITH moved to amend the amendment by deleting the words 'specified in ORS 23.160'.

"Hearing no objection the motion was adopted.

"MOTION: REP. SMITH moved the amendment, 'the debtors interest not to exceed $400 in value in any personal property, however this exemption shall not be used to increase any other exemption.', be added at subparagraph (k), a new (k), in ORS 23.160.

"Hearing no objection the motion was adopted.

"MOTION: REP. BUGAS moved the bill to the full committee with a do pass as amended.

"Voting Aye: Rep. Bugas, Rep. Lombard, Rep. Smith and Rep. Rutherford. Excused: Rep. Hendriksen and Rep. Mason. The motion passed.

"The committee asked that the bill be hand engrossed."

The foregoing subcommittee discussion clarifies the intended application of ORS 23.160(1)(k). The property subject to the exemption is limited to kinds of "assets not otherwise exempt" under any exemption provision, not only those specified in ORS 23.160.

Accordingly, since wages are exemptable under ORS 23.185, they are property which may not be exempted under ORS 23.-160(1)(k). The debtors made a conscious decision to elect the attempt to apply subsection (k) which is inapplicable in the attempt to enhance the amount of wage exemptions which would have been properly claimable under the provisions of ORS 23.-185.

The Order allowing the trustee's objections to claimed exemptions entered February 8, 1982 remains effective.