**In re the Consolidated ESTATES OF Harold L. BERRY and Nila E. Berry, Both DBA Berry's Produce Market; L & L Snack Bar, Debtors.**

**Bankruptcy No. 682–07466.**

United States Bankruptcy Court,
D. Oregon.

Feb. 7, 1983.

Thomas A. Huntsberger, Springfield, Or., for trustee.

Peter L. Percy, Eugene, Or., for debtors.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

The debtors filed an amended schedule of exemption, Schedule B–4, in which the debtor, Harold L. Berry, substituted a claim for another claimed deleted exemption. The new exemption claimed is a small aluminum boat with outboard motor for which the debtor relies upon the Oregon's exemption provision contained in Oregon Revised Statute 23.160(1)(k) which provides as follows:

> "The debtor's interest, not to exceed $400.00 in value, in any personal property. However, this exemption may not be used to increase the amount of any other exemption."

The trustee has objected to the allowance of the claimed exemption on the basis that the provision of 23.160(1)(k) is to be applied only to cash equivalencies. The legislative history of exemption 23.160(1)(k) is supportive of the trustee's position. See, *In re Langley,* 22 B.R. 137 (Bkrtcy.Or.1982); *In re Wilson,* 22 B.R. 146 (Bkrtcy.Or.1982).

The *Langley* case, however, involved an attempt to substitute the provision of 23.-160(1)(k) for another subsection which had covered the type of property claimed exempt and thus appeared to be an attempt to use the provision to increase the amount of another exemption.

Although the legislative history is strongly suggestive of legislative intent to cover only cash equivalencies, as finally enacted by the legislature, the statute is broad enough to cover other personal property not otherwise described in the exemption scheme. Very few types of personal property are not included in the exemption provisions, thus it is unlikely that the statute may be used to exempt personal property items generally other than cash equivalencies.

The Court concludes, however, that the statute is broad enough to entitle the debtor to claim the boat and motor exempt because such property appears to be nowhere else described as exempt in the statutes. The applicable provision for statutory construction may be found in O.R.S. 174.010 and as applied to the facts of this case, entitle the debtor to allowance of the claimed exemption and disallowance of the trustee's objection and it is so Ordered.