**In re James Lowell STRAIGHT and Nelda Jean Straight, Debtors.**

**James Lowell STRAIGHT and Nelda Jean Straight, Plaintiffs,**

v.

**WILLAMETTE COLLECTION SERVICE, INC.; Paul Lansdowne, Trustee; Al Gordon & Associates; Centennial Medical Association; and Springfield Utility Board, Defendants.**

**Bankruptcy No. 681–06517.**

**Adv. No. 682–7001.**

United States Bankruptcy Court, D. Oregon.

June 6, 1983.

James A. Hendershott, Eugene, Or., for plaintiffs.

David B. Mills, Eugene, Or., for defendants.

## MEMORANDUM OPINION

C.E. LUCKEY, Bankruptcy Judge.

Plaintiff-debtors filed their bankruptcy petition November 27, 1981, and claimed exempt wages earned but garnished by the defendant, Willamette Collection Service, Inc., within 90 days of November 27, 1981, in the sum of $645.76. Plaintiff thereafter amended its complaint to allege the amount garnished as $648.76. In the amended complaint the plaintiff added as defendants Al Gordon and Associates, Centennial Medical Association and Springfield Utility Board which were assignors to the defendant Willamette Collection Service, Inc., of debts due from the plaintiff. Plaintiff alleged Willamette transferred from the garnished fund to Al Gordon and Associates $218.21, to Centennial Medical Association $10.00, and to Springfield Utility Board $44.31 and retained $376.24.

The plaintiffs moved to dismiss the complaint as against Gordon and Centennial because of settlement with them, and satis-

fied a default judgment against Springfield for the $44.31.

Remaining as defendant now is only Willamette against which the plaintiffs seek judgment for $376.24. No relief is sought against Paul Lansdowne, trustee in the Bankruptcy case, a nominal defendant.

The parties have extensively briefed their positions and represent that no material issues of fact remain.

Defendant Willamette urges the Court to determine the issues in its favor primarily in reliance on *Brinig v. American Credit Bureau, Inc.,* 439 F.2d 43 (9 Cir.1971). In urging the continuing validity of *Brinig* after the enactment of the present Bankruptcy Code after the decision in *Brinig,* the defendant overlooks statutory provisions inconsistent with *Brinig.*

This Court concurs with the ruling of Judge Johnson in the case of *Renfro v. Creditors Collection Service, Inc.,* District of Oregon Case No. 381–01893, Adversary Proceeding No. 82–0032 in which in his opinion filed February 9, 1982, Judge Johnson wrote:

> "The monies collected by defendant collection agency through its writ of garnishment constituted a voidable preference within the meaning of § 547(b) of the Bankruptcy Code. Ordinarily, it is the trustee in bankruptcy who would be avoiding such a transfer and recovering the property transferred for the benefit of all creditors. However, under § 522(h) of the Code, a debtor is given the same rights as a trustee if the transferred property would otherwise be exempt and the trustee chooses not to avoid the transfer. *See e.g. In re Brengle,* 10 B.R. (West) 360 (Bkrtcy.D.Dela.1981); *In the Matter of Pierce,* 6 B.R. (West) 18 (Bkrtcy.N.D.Ill.1980); and *In re Cox* [10 B.R. 268], 7 B.C.D. 733, C.B.C.2d 456 (Bankr.D.Md.1981). One of the rights given to trustees under § 550(a) of the Code—and extended to debtors pursuant to § 522(i)(1)—is the right to recover property subject to a voidable preference not only from the debtor's immediate transferee but from any subsequent transferee of such initial transferee, subject to certain exceptions which do not apply here. The applicable portion of § 550 reads as follows:

> > '(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, or 724(a) of this title, the trustee may recover for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

> > (1) the initial transferee of such transfer of the entity for whose benefit such transfer was made; or

> > (2) any immediate or mediate transferee of such initial transferee.'

> Section 522(i)(1), which makes the same right available to a debtor as to exemptable property not recovered by the trustee, reads in relevant part as follows:

> > '(i)(1) If the debtor avoids a transfer ... under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of section 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.'

> The above-cited sections of the Code in effect overrule the case of *Brinig v. American Credit Bureau,* 439 F.2d 43 (9th Cir.1971), which appears to have supported the defendant's position according to the bankruptcy law in effect prior to the Code."

Because the Court considers this analysis sufficient to support judgment for the plaintiff, other factors which may serve to distinguish *Brinig* from the case at bar need not be delineated.

This Court concludes that the plaintiff is entitled to judgment against the defendant for $376.24, with each party to bear his, her or its own costs, disbursements and attorney fees.

This Memorandum Opinion contains the Court's Findings of Fact and Conclusions of

Law and pursuant to Bankruptcy Rule 752 they will not be separately stated.

Separate Judgment consistent herewith will be entered.