**In re Edward M. OSWORTH and Kerry L. Osworth, Debtors.**

**Boyd Yaden, Chapter 7 Trustee, Appellant,**

**v.**

**Edward M. Osworth and Kerry L. Osworth, Appellees.**

**BAP No. OR–98–1409–MeRRy. Bankruptcy No. 697–67189–fra7.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Jan. 21, 1999.

Decided April 19, 1999.

Michael L. Spencer, Klamath Falls, OR, for Boyd Yaden, Chapter 7 Trustee.

Before MEYERS, RUSSELL and RYAN, Bankruptcy Judges.

## OPINION

MEYERS, Bankruptcy Judge.

### I

The bankruptcy court allowed the debtors to exempt an account receivable for a real estate commission.

We **REVERSE and REMAND.**

### II

### FACTS

Edward and Kerry Osworth ("Debtors") were self-employed real estate agents. They filed for relief under Chapter 7 of the Bankruptcy Code ("Code") on December 15, 1997. The Debtors scheduled an account receivable for a $1,925 commission owed to Edward Osworth. They claimed $1,443.75, or 75%, of the commission exempt as earnings. The Chapter 7 trustee, Boyd C. Yaden, ("Trustee") objected to the exemption, and the bankruptcy court ruled in favor of the Debtors. The Trustee appeals.

### III

### STANDARD OF REVIEW

■ The scope of a state law exemption involves construction of state law, which is reviewed *de novo*. *In re Turner,* 186 B.R. 108, 112 (9th Cir. BAP 1995).

### IV

### DISCUSSION

Section 522(b)(2)(A) of the Bankruptcy Code allows a debtor to exempt from property of the estate any property ex-empt under applicable state law. Pursuant to Or.Rev.Stat. 23.305, a debtor in bankruptcy must use the Oregon statutory exemptions scheme. *In re Godfrey,* 102 B.R. 769, 771 (9th Cir. BAP 1989). Because Oregon has "opted out" of the federal exemption scheme of 11 U.S.C. § 522, Oregon law governs issues regarding the allowance of a claimed exemption. *See Turner, supra,* 186 B.R. at 113. The bankruptcy court decides the merits of state law exemptions, but state law controls the validity of the claimed exemption. *In re Been,* 153 F.3d 1034, 1036 (9th Cir. 1998).

■ Under Section 23.185, a debtor can exempt a portion of earnings from garnishment. Section 23.175 provides definitions that apply also in Section 23.185. "Disposable earnings" is defined as "that part of the earnings of an individual remaining after the deduction from those earnings of any amounts required to be withheld by law." O.R.S. 23.175(1). " 'Earnings' means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise, and includes periodic payments pursuant to a pension or retirement program." O.R.S. 23.175(2).

■ The question before us is whether the Oregon statute applies only where there is an employer-employee relationship, as the Trustee contends.[1] "When we look to the plain language of a statute in order to interpret its meaning, we do more than view words or sub-sections in isolation. We derive meaning from context, and this requires reading the relevant statutory provisions as a whole." *In re Rufener Const., Inc.,* 53 F.3d 1064, 1067 (9th Cir.1995).

The bankruptcy court held that the definition of earnings was unambiguous and,

---

1. The Trustee also contends that Section 23.185 simply limits garnishment and is not an exemption statute. *See In re Lawrence,* 205 B.R. 115, 116 (Bankr.E.D.Tenn.1997), *aff'd* 219 B.R. 786 (E.D.Tenn.1998). We decline to address that issue because we determine that the Osworths do not come within the scope of Section 23.185.

based on that definition, the court concluded that the statute did not require the existence of an employer-employee relationship. It stated that the Section focused on the "type of income (i.e. compensation for personal services) rather than the source of that income."

The Oregon statute is modeled on the Federal Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1671 et seq. One concern of Congress in enacting the CCPA was to preserve the stability of the employer-employee relationship. *Usery v. First Nat. Bank of Arizona,* 586 F.2d 107, 110 (9th Cir.1978). The court in *Usery* concluded that the CCPA was limited in "its application to employers (or those who stand in the position of employers by virtue of paying or owing compensation for services to the individual debtor)...." *Id.* In *Kokoszka v. Belford,* 417 U.S. 642, 650–51, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), the Supreme Court explained that the CCPA was intended to temper harsh garnishment laws that were driving debtors into bankruptcy. The Court further stated that "[t]here is every indication that Congress, in an effort to avoid the necessity of bankruptcy, sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis." *Id.* at 651, 94 S.Ct. 2431.

If our analysis ended here, we would conclude that Osworth could not claim the exemption. However, Congress did not preempt all state garnishment law when it enacted the CCPA. Indeed, 15 U.S.C. § 1677 provides as follows:

This subchapter does not annul, alter, or affect, or exempt any person from complying with, the laws of any State (1) prohibiting garnishments or providing for more limited garnishments than are allowed under this subchapter.

Pursuant to this Section, states are allowed to grant debtors greater protection from garnishment than they receive under the CCPA. We must then decide whether the Oregon statute should be read more broadly than the CCPA, indeed broadly enough to protect the account receivable owed to the Debtors from garnishment. Under the Oregon statute the definitions for "earnings," "disposable earnings" and "garnishment" are the same as those in the CCPA.[2] The Oregon statute does include one definition that does not appear in the CCPA. Pursuant to Section 23.175(3),

"Employer" means any entity or individual who engages a person to perform work or services for which compensation is given in periodic payments or otherwise, even though the relationship of the person so engaged may be as an independent contractor for other purposes.

The import of that definition is limited to O.R.S. 23.185(5), which provides that "[n]o employer shall discharge any person for the reason that the person has had earnings garnished." This Section essentially matches the protection provided under CCPA Section 1674. The definition of "employer" serves such a limited purpose that we are unwilling on this basis alone to construe the protections otherwise found in O.R.S. 23.185 so broadly as to encompass the account receivable due the Debtors. Furthermore, nothing else in the Oregon statute demonstrates an intent on the part of the Oregon legislature to expand the protections granted through the enactment of the CCPA by Congress beyond this one provision. Accordingly, the em-

---

**2.** The Oregon Supreme Court examined the scope of the terms "earnings" and "wages" in the context of O.R.S. 29.401 to 29.415, which concerns writs of continuing garnishment. *Zidell Marine Corp. v. West Painting, Inc.,* 322 Or. 347, 355, 906 P.2d 809 (1995). That court made specific reference to O.R.S. 23.175, but noted that the definitions in 23.175 apply only to terms in that Section and to 23.185. *Id.* The court concluded that it needed to search further for the meaning of "earnings." Since the court found the definitions of Section 23.175 inapplicable, the remainder of that court's discussion does not serve to aid the Panel in deciding the issue now before us.

**500**

ployment relationship involved must have the quality of an employer-employee relationship, even if the employee might be considered an independent contractor for other purposes. *See, e.g., In re Price,* 195 B.R. 775, 777–79 (Bankr.D.Kan.1996) (independent contractor for tax purposes treated as employee for purposes of Kansas' statute based on the CCPA).

### V

### CONCLUSION

We conclude that the statute is applicable where there is an employer-employee relationship and that this definition includes a relationship between an independent contractor and a regular payor. Mr. Osworth's position does not fall under the scope of the statute. Therefore, the Osworth's could not use the statute to exempt the account receivable. The bankruptcy court is directed to enter an order upholding the Trustee's objection to the claim of exemption.

**REVERSED and REMANDED.**