In re Kirk Plice ROBINSON and
Deanna Lee Robinson,
Debtors.

Boyd Yaden, Chapter 7
Trustee, Appellant,

v.

Kirk Plice Robinson and Deanna
Lee Robinson, Appellees.

BAP No. OR–98–1689–KMoB.
Bankruptcy No. 698–60866–aer7.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Argued and Submitted July 23, 1999.

Decided Nov. 2, 1999.

Michael L. Spencer, Klamath Falls, OR,
for appellant.

Before KLEIN, MONTALI,[1] and BRANDT, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

We must decide whether Oregon law exempts a portion of accrued unpaid earnings in bankruptcy. Resolving the issue left open in *Yaden v. Osworth (In re Osworth)*, 234 B.R. 497 (9th Cir. BAP 1999), we conclude that Oregon does exempt such earnings, and AFFIRM.

## FACTS

The joint debtors were owed $430.93 and $425.39, respectively, in accrued but unpaid wages at the time of bankruptcy. Treating the Oregon garnishment statute as creating an exemption, they each claimed 75 percent—i.e., $323.20 and $319.04, respectively,—as exempt.

The chapter 7 trustee objected to the claim of exemption, contending that the Oregon garnishment statute does not create a cognizable exemption for purposes of 11 U.S.C. § 522(b)(2).

The bankruptcy court ruled for the debtors. This appeal ensued.

## ISSUE

Whether Oregon's limitation on garnishment of earnings also functions as an exemption for purposes of § 522(b)(2).

## STANDARD OF REVIEW AND CHOICE OF LAW

■ The availability of state law exemptions is controlled by state law and interpreted under state rules of construc-

tion. *Goldman v. Salisbury (In re Goldman)*, 70 F.3d 1028, 1029 (9th Cir.1995). Our review of questions of law is de novo. *Osworth*, 234 B.R. at 498.

## DISCUSSION

This is a matter of Oregon statutory construction. We must predict how the Oregon Supreme Court would settle the question whether the earnings exclusions from garnishment are also exemptions.

### I

■ Oregon's approach to statutory construction requires that we first examine the text and context of the statute. If the intent of the Oregon legislature is not plain from such examination, then we turn to legislative history. If that does not suffice, then we resort to general maxims of statutory construction. *Portland Gen. Elec. Co. v. Bureau of Labor & Indus.*, 317 Or. 606, 610–12, 859 P.2d 1143, 1145–47 (1993). In this instance, we need not go beyond the first level.

The context is crucial and requires assembly of a three-piece puzzle drawn from Oregon Revised Statutes ("ORS"): ORS 23.185 (limiting garnishments); ORS 29.401 (writs of continuing garnishment); and ORS 23.166 (exempting certain funds in deposit accounts).

### A

Under ORS 23.185(1), the greater of $170.00 per week or 75 percent of aggregate disposable weekly earnings is excluded from garnishment. The statute is couched in terms of a limitation on garnishment and does not use the words "exempt" or "exemption."[2]

1. Hon. Dennis Montali, Bankruptcy Judge for the Northern District of California, sitting by designation.

2. The relevant language of the garnishment statute is:

(1) Except as provided in subsections (2) and (6) of this section, the maximum part of the aggregate disposable earnings of an in-

dividual for any workweek that is subjected to garnishment may not exceed:

(a) 25 percent of the individual's disposable earnings for that week; ... [1991–1992 limits omitted]

(d) For wages payable on or after July 1, 1993, the amount by which the individual's disposable earnings for that week exceed $170; or

The pertinent "earnings" consist of "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus or otherwise, and includes periodic payments pursuant to a pension or retirement program." ORS 23.175(2).

And "garnishment" is "any legal or equitable procedure through which the earnings of an individual are required to be withheld for payment of a debt." ORS 23.175(4).

Viewed in isolation, the Oregon garnishment statute is silent about whether it constitutes an exemption and would present a tricky question. Fortunately, Oregon's legislature has provided pertinent context in the form of a statutory scheme that also includes both continuing garnishment and connected exemption statutes.

### B

The second piece of the contextual puzzle is the writ of continuing garnishment provided by ORS 29.401.

■ The service of a writ of continuing garnishment constitutes a lien and continuing levy against earnings owed by the garnishee to the judgment debtor at the time of the service of the writ and on all earnings accruing from the garnishee within ninety days thereafter. ORS 29.401.

■ Although the term "earnings" is used, the continuing garnishment is strictly limited to non-exempt wages for personal services. *Zidell Marine Corp. v. West Painting, Inc.*, 322 Or. 347, 353–59, 906 P.2d 809, 811–15 (1995).

■ The continuing garnishment has the advantage of reducing costs for employer, bill collector, and the debtors who otherwise wind up having fees for issuing and serving writs before each payday add-

(e) The amount described in paragraph (a), (b), (c) or (d) of this subsection, minus any amount *required to be withheld from the individual's disposable earnings for that*

ed to the debt. *Zidell*, 322 Or. at 357–58, 906 P.2d at 813–14.

### C

■ The final piece of the contextual puzzle is the connected exemption provided by ORS 23.166. Funds that are protected from wage garnishment "remain exempt" so long as they are in the judgment debtor's deposit account and are traceable:

23.166 Certain funds exempt when deposited in account; limitations.

(1) All funds exempt from execution and other process under ORS ..., 23.185(1)(b), (c), (d) and (e), ... shall *remain exempt* when deposited in an account of a judgment debtor as long as the exempt funds are identifiable.

(2) The provisions of subsection (1) of this section shall not apply to any accumulation of funds greater than $7,500.

ORS 23.166 (emphasis supplied).

The significance of ORS 23.166 to us is that it is an unambiguous exemption that appears to say that earnings protected from garnishment are also exempt. Moreover, it provides for continuation of such exempt status once the funds are in a deposit account.

The connection between ORS 23.166 and ORS 23.185 that is inherent in the phrase "remain exempt" represents a context in which the garnishment limitation also functions as an exemption that would apply in bankruptcy per § 522(b)(2). And it bespeaks legislative intent to treat earnings limitations on garnishment as exemptions.

### D

The context of the Oregon statutory scheme is that part of one's pay is insulated from garnishment. In the case of wages for personal services, a garnishment can operate as a continuing levy. And to the extent that the protected earnings are

week pursuant to an order issued under ORS 25.311, 110.300 to 110.441, 419B.408 or 419C.600, whichever amount is less. ORS 23.185.

placed in the judgment debtor's deposit account, they continue to be exempt so long as they (and similarly protected items) do not accumulate to more than $7,500.

Under the appellant's theory, there would be a gap in the protection for wages that cannot be garnished. They would be protected during the time they are in the hands of the employer, not exempt for any interval between the time the debtor is paid and the time the debtor deposits them into a traceable account, and exempt thereafter.

We do not believe that the Oregon legislature meant to conjure up the image of Keystone creditors trying to catch judgment debtors between the pay window and the bank.

## II

Our construction of the Oregon garnishment statute as entailing an unpaid earnings exemption for purposes of § 522(b)(2) is consistent with the few reported decisions touching on the subject.

### A

In 1982 an Oregon bankruptcy court squarely held that ORS 23.185 constitutes a formal Oregon exemption. *In re Langley*, 22 B.R. 137 (Bankr.D.Or.1982). The narrow question was whether the "property not otherwise exempt" exemption, ORS 23.160(1)(k), could be applied to protect unpaid wages that are protected from garnishment.

Faithful to Oregon's requirement that the "intention of the legislature is to be pursued if possible," ORS 174.020, the bankruptcy court rooted about in legislative history, finding a transcript of judiciary committee discussions of what became ORS 23.160(1)(k). This legislative history indicated that the "property not otherwise exempt" exemption could not be used to protect unpaid wages because such wages were exempt under the garnishment statute. *Id.* at 139.

The linchpin of the *Langley* analysis, which does not appear to have been undermined by subsequent amendments, is that the garnishment statute does create an exemption. Hence, the separate exemption for "property not otherwise exempt" does not apply.

### B

In 1983 the bankruptcy court reiterated its analysis of the Oregon garnishment statute as creating an exemption. *Straight v. Willamette Collection Serv., Inc. (In re Straight)*, 35 B.R. 445, 446–47 (Bankr.D.Or.1983); *cf. In re Berry*, 29 B.R. 10 (Bankr.D.Or.1983) (relying on *Langley*).

*Straight* involved the status of the Oregon garnishment statute as an exemption in connection with the exercise of a debtor's statutory avoiding power to recover involuntary prepetition transfers of exempt property. § 522(h)–(i). The court reiterated its *Langley* analysis and permitted the debtor to avoid prepetition wage garnishments on the premise that there is a valid exemption. *Straight*, 35 B.R. at 446–47. This decision retains vitality.

### C

Finally, the trial court in *Osworth* rejected our appellant's argument that the garnishment statute is not an exemption statute. Although our prior panel reversed on the separate ground that the debtors were ineligible to claim a garnishment exemption because they lacked the requisite employment relationship, it expressly left open the question whether the garnishment statute creates an exemption for purposes of § 522(b)(2). *Osworth*, 234 B.R. at 498 n. 1.

■ We now decide that question, agreeing with the various courts that have considered it under Oregon law: if faced with the question, we predict that the Oregon Supreme Court would hold that the Oregon garnishment statute creates an ex-

emption that transcends a mere limitation on garnishment.

### D

Neither case relied on by the appellant controls Oregon law.

#### 1

The appellant's reliance on a contrary decision involving Tennessee's similarly-worded garnishment statute, *Lawrence v. Jahn (In re Lawrence),* 219 B.R. 786 (E.D.Tenn.1998), is unavailing. Although Tennessee's garnishment statute parallels ORS 23.185, there is no analog to ORS 23.166 providing that funds exempt from garnishment remain exempt after the debtor places them in a deposit account. It other words, in context, it is a different scheme.

Moreover, even if Oregon and Tennessee had identical statutes, they could have different meanings. While uniformity among states may be a desideratum, our concern is limited to what the Oregon legislature intended. Nothing suggests that Oregon adopted Tennessee law in a subject area in which states are notoriously idiosyncratic.

#### 2

Nor does the fact that Oregon's garnishment statute may have been modeled on the Federal Consumer Credit Protection Act ("FCCPA"), 15 U.S.C. § 1671 et seq., warrant a different conclusion.

The appellant relies on *Kokoszka v. Belford,* 417 U.S. 642, 650–51, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), for the proposition that the garnishment limitations prescribed by FCCPA were not intended to protect a debtor from the bankruptcy trustee. Thus, a bankruptcy trustee's rights under the Bankruptcy Act of 1898 trumped federal garnishment exemptions. It does not follow, however, that the Oregon legislature had the same intent when enacting the Oregon garnishment statute.

■ Oregon has plenary authority over its own law of exemptions. Such exemp-

tions are honored in bankruptcy per § 522(b)(2), regardless of whether a state exercises its right under § 522(b)(1) to "opt out" of the federal bankruptcy exemptions.

While ORS 23.185 may track the FCCPA, this does not mean that Oregon may not also use its garnishment statute to create an exemption good in bankruptcy if it so chooses. We conclude that it has done so.

Hence, a portion of the debtors' unpaid wages can properly be claimed as exempt in bankruptcy under ORS 23.185 and § 522(b)(2).

### CONCLUSION

The interest of consistency with prior local decisions and the appearance of the phrase "remain exempt" within the statutory scheme combine to warrant the conclusion that the Oregon garnishment statute is also an exemption statute for purposes of § 522(b)(2). We AFFIRM.