**In re Jason Ronald PLATT and Pamela Kay Platt, Debtors.**

No. 301–36561–rld7.

United States Bankruptcy Court, D. Oregon.

Dec. 7, 2001.

Shawn P. Ryan, Portland, OR, attorney for Trustee, John Mitchell.

Joanna G. North, Oregon City, OR, for Debtors.

## MEMORANDUM OPINION

RANDALL L. DUNN, Bankruptcy Judge.

This contested matter came before me for hearing on the chapter 7 trustee's ("Trustee") objection to the exemption claimed by the debtors, Jason Ronald Platt and Pamela Kay Platt (the "Platts"), in funds on deposit in their bank account on the petition date, that they alleged were deposited wages. At the hearing (the "Hearing") on November 13, 2001, after listening to arguments from the parties, I ruled orally in favor of the Platts but took the matter under advisement to write on the legal issue submitted.

### Facts

The facts in this matter are not in dispute. When the Platts filed their chapter 7 bankruptcy petition on July 2, 2001, they had $6,870.31 on deposit in their bank account, which consisted entirely of deposits of "disposable earnings," as that term is defined under Oregon Revised Statutes ("ORS") section 23.175. All of said funds on deposit were directly traceable to wages of Mr. Platt. The Platts have claimed an exemption in 75% of said funds, or $5,152.73 (the "Fund"), under ORS 23.166. The Trustee objected to the Platts' claimed exemption in the Fund on August 6, 2001, shortly following the Platts' 341(a) meeting held on August 1, 2001.

### Legal Discussion

The issue before me is whether the Platts may use the exemption provided for in ORS 23.166 to exempt the Fund in their chapter 7 case.

Under Section 522(b)(2)(A) of the Bankruptcy Code, a debtor may exempt from property of the bankrupt estate any property that is exempt under applicable state law. *See In re Osworth*, 234 B.R. 497, 498 (9th Cir. BAP 1999). Oregon law requires that a debtor in bankruptcy use the Oregon statutory exemption scheme. ORS 23.305; *In re Godfrey*, 102 B.R. 769, 771 (9th Cir. BAP 1989). The bankruptcy court determines the application of Oregon exemptions, but the extent and validity of claimed exemptions are determined under Oregon state law. *See In re Osworth*, 234 B.R. at 498.

The Platts claim that the Fund is exempt under ORS 23.166. ORS 23.166 provides in relevant part as follows:

"(1) All funds exempt from execution and other process under ORS...23.185(1)...(d) and (e)...shall remain exempt when deposited in an account of a judgment debtor as long as the exempt funds are identifiable.

"(2) The provisions of subsection (1) of this section shall not apply to any accumulation of funds greater than $7,500."

Under Oregon law, statutory analysis begins with an examination of the text and context of the subject statute. On this first level of analysis, the best evidence of the legislature's intent is the language of the statute itself. "Also at the first level of analysis, the court considers the context of the statutory provision at issue, which includes other provisions of the same statute and other related statutes." *Portland General Elec. Co. v. Bureau of Labor and Indus.*, 317 Or. 606, 611, 859 P.2d 1143, 1146 (Or.1993). If, from such analysis, the legislature's intent is clear, further investigation is not necessary. *Id.*, 859 P.2d at 1146.

■ Subsection 1 of ORS 23.166 provides that funds exempt from execution under ORS 23.185(1)(d) and (e) *"shall remain exempt"* when deposited in an account of the debtor so long as they are traceable. In analyzing the interaction between ORS 23.166 and 23.185, I am not writing on a clean slate. In *In re Robinson*, 241 B.R. 447 (9th Cir. BAP 1999), the Ninth Circuit Bankruptcy Appellate Panel held that ORS 23.185 creates an exemption for wages through its limitation of garnishments on earnings. In fact, the Bankruptcy Appellate Panel based its holding in part on the language of ORS 23.166, determining that the "funds exempt" and "shall remain exempt" language of ORS 23.166(1) unambiguously recognized and continued an exemption.

> "The significance of ORS 23.166 to us is that it is an unambiguous exemption that appears to say that earnings protected from garnishment are also exempt. Moreover, it provides for continuation of such exempt status once the funds are in a deposit account. The connection between ORS 23.166 and ORS 23.185 that is inherent in the phrase 'remain exempt' represents a context in which the garnishment limitation also functions as an exemption that would apply in bankruptcy per Section 522(b)(2). And it bespeaks legislative intent to treat earnings limitations on garnishment as exemptions." *Id.* at 449.

As stated in *In re Chlebowski*, 246 B.R. 639, 645 (Bankr.D.Or.2000), Congress provided for the appointment of bankruptcy appellate panels in order to promote greater uniformity of bankruptcy decision making within the circuits. Accordingly, bankruptcy appellate panel decisions should be followed by the bankruptcy courts so long as there is no contrary local district court authority, and I am bound by the Ninth Circuit Bankruptcy Appellate Panel decision in the *Robinson* case. In deciding that ORS 23.185 provides an exemption for wages rather than merely a limitation on garnishments, the Ninth Circuit Bankruptcy Appellate Panel elaborated upon earlier consistent decisions of Oregon bankruptcy courts. *See, e.g., In re Langley*, 22 B.R. 137 (Bankr.D.Or.1982); *In re Straight*, 35 B.R. 445 (Bankr.D.Or.1983).

While the *Robinson* decision did not directly determine the issue as to whether funds traceable to wages are exempt upon deposit in the debtor's bank account, it reflects a clear understanding of the Ninth Circuit Bankruptcy Appellate Panel that a debtor could claim an exemption in wages under ORS 23.185 and that such wages would retain their exempt character when deposited by the debtor in a bank account. I agree.

The language of ORS 23.166(1) recognizes that deposited funds traceable to wages "shall remain exempt" under the limitations specified in ORS 23.185. To argue that wages exempt under ORS 23.185 lose their exempt status upon deposit in a debtor's bank account ignores the plain language of ORS 23.166.

In addition, in order to insure that the exemption provisions of ORS 23.166 would not be open ended, the Oregon Legislature added ORS 23.166(2), which limits the available exemption for deposited wages to no more than $7,500. This overall limitation on the exemption amount is consistent with the limitation the Oregon Legislature applied elsewhere to payments in compensation for personal bodily injury.

In ORS 23.160(1)(k), the debtor is entitled to an exemption from execution for a payment(s) not to exceed a total of $10,000 for personal bodily injury. However, if the subject execution arises out of a marital or child support obligation, "the amount exempt from execution is 75 percent of the payment or payments, *not to exceed a total of $7,500.*" [Emphasis added.]

The Trustee argues that the operation of the ORS 23.166 exemption in deposited

funds is not as clear as its language seems to suggest, because typically, the funds on deposit in a debtor's bank account when the debtor files his or her bankruptcy petition have not been "subjected to garnishment" as contemplated in ORS 23.185(1).[1] In the absence of an active garnishment, it is the Trustee's position that the "funds exempt from execution" and thus subject to a continued exemption when deposited in the account of a debtor under ORS 23.166 are indeterminate.

As a legal matter, the Ninth Circuit Bankruptcy Appellate Panel effectively rejected the Trustee's position in the *Robinson* case, when it determined, consistent with prior Oregon bankruptcy court decisions, that ORS 23.185 creates an exemption for debtors' disposable earnings, applicable in bankruptcy, independent of its limitations on garnishment. *See* 241 B.R. at 449–51. As a practical matter, determining what "funds are exempt from execution" for ORS 23.166(1) purposes on the date of a debtor's bankruptcy filing is a straightforward mathematical calculation: 75% of disposable earnings, with a current floor exemption of $170 per week. The trustee functions in effect as the ultimate garnishing creditor in that no prepetition creditor can proceed with a further garnishment against the debtor without obtaining relief from the stay against creditor collection or execution action provided for in Section 362(a) of the Bankruptcy Code.

I am mindful of the Trustee's concern that more debtors now will claim exemptions in funds in their bank accounts, as such funds typically are traceable to wages. Potentially, such claims could reduce the estate assets available for distribution to creditors. However, I cannot ignore the provisions of Oregon exemption law to alleviate that concern. I find that by its terms and in its context in the Oregon statutory exemption scheme, ORS 23.166 provides an exemption for funds on deposit traceable to earnings up to a total of $7,500, subject to the limitations set forth in ORS 23.185. Based on the foregoing analysis, I find that the Platts are entitled to an exemption in the Fund, representing 75% of the funds on deposit in the Platts' bank account traceable to earnings of Mr. Platt on the date of their bankruptcy filing.

This Memorandum Opinion constitutes my findings of fact and conclusions of law, which will not be stated separately. The Court will enter an order consistent with this opinion.

---

1. The preamble to subsection 1 of ORS 23.185 provides that, "Except as provided in subsections (2) and (6) of this section, the maximum part of the aggregate disposable earnings of an individual for any workweek that is *subjected to garnishment* may not exceed...." [Emphasis added.]