**In re Craig R. ROETMAN, Debtor.**

**No. 2:08–bk–09504–RJH.**

United States Bankruptcy Court, D. Arizona.

Feb. 25, 2009.

Harold E. Campbell, Harold E. Campbell, PC, Mesa, AZ, for Debtor.

Terry A. Dake, Terry A. Dake, Ltd., Phoenix, AZ, for Trustee.

## OPINION RE EXEMPT STATUS OF COMMISSIONS

RANDOLPH J. HAINES, Bankruptcy Judge.

The Trustee objects to the debtor's claimed exemption of pre-petition real estate commissions under Arizona Revised Statute ("A.R.S.") § 33–1131. The Trustee argues that commissions paid to an independent contractor do not qualify as "earnings" because the exemption statute requires an "employer-employee" relationship. This court does not interpret A.R.S. § 33–1131 to require an "employer-employee" relationship in order for commissions to qualify as earnings, so the Trustees' objection is denied and the debtor's exemption claim is sustained.

## I. Factual and Procedural Background.

The debtor claimed 75% percent of his real estate commissions as exempt, and the Trustee filed a timely objection. Arizona law [1] provides, in pertinent part, that "the maximum part of the disposable earnings of a debtor for any workweek which is subject to process may not exceed twenty-five per cent of disposable earning for that week," [2] effectively exempting 75% of disposable earnings from judicial process. Arizona law further defines "disposable earnings" as "that remaining portion of a debtor's wages, salary or compensation for his personal services, including bonuses and commissions," [3] after deducting required withholdings. Although that exemption statute explicitly includes "commissions," the Trustee argues that the statute's references to a "workweek" and "withholdings," and the holding of the Ninth Circuit Bankruptcy Appellate Panel in *Osworth*,[4] effectively mean that only commissions paid by an employer can qualify as exempt (perhaps such as an automobile dealer might compensate its sales personnel), and commissions earned by an independent contractor such as a real estate agent cannot qualify, because the statute requires an employer-employee relationship.

## II. Analysis.

The analysis must begin with the plain language of the statute and, if it is unambiguous, the analysis should end there.[5] The exemption statute necessarily implies that commissions can qualify as

1. Debtor may only claim the exemptions provided by Arizona law because Arizona has "opted out" of the Bankruptcy Code's exemptions, as permitted by 11 U.S.C. § 522(b)(2). A.R.S. § 33–1133(B).

2. A.R.S. § 33–1131(B).

3. A.R.S. § 33–1131(A).

4. *In re Osworth*, 234 B.R. 497 (9th Cir. BAP 1999) (applying Oregon Law).

5. In interpreting an Arizona statute, a court must look to the plain language as the most reliable indicator of its meaning. *Powers v. Carpenter*, 203 Ariz. 116, 51 P.3d 338, 340 (2002).

8

"earnings" because it specifically includes a commission as among the type of earnings that it governs. The only additional statutory requirement is that the earnings be derived from the debtor's "personal services." There is no language in the statute to suggest the earnings must be paid by an employer. And while the references to "workweek" and "withholdings" might suggest the legislature primarily had in mind weekly wages from which an employer must withhold taxes, the inclusion of "bonuses" belies any such limitation that the compensation must be paid weekly or even regularly. There is no ambiguity or absurdity in reading the statute to mean that if an annual bonus, a week's wages and a commission were all payable within the same week for the debtor's personal services, 75% of that total amount would be exempt from judicial process.

■ No reported decision from an Arizona state court holds that an employer-employee relationship is also essential for any kind of compensation for personal services to be deemed exempt earnings. The Arizona Court of Appeals has, however, noted that both the definition of "disposable earnings" and the exemption provision were "modelled ____ after the federal Consumer Credit Protection Act" ("CCPA"),[6] and "there is nothing within the wording of [A.R.S.] § 33–1131 that suggests our legislature meant to give disposable earnings a broader or more enduring protection than was given under federal law."[7] Consequently this Court may look to federal law to determine whether compensation for

personal services payable by someone other than an employer can qualify as exempt.

In *Osworth*, the issue was whether Oregon's exemption statute applied to real estate commissions earned by an independent contractor. The Ninth Circuit Bankruptcy Appellate Panel determined that Oregon's exemption statute was similarly modeled after the Federal Consumer Credit Protection Act and concluded that its definition of "earnings" required an employer-employee relationship or at least an independent contractor receiving compensation from a regular payor.[8] It did so on the basis of the language in the Ninth Circuit's *Usery* opinion stating that the CCPA was limited in "its application to employers (or those who stand in the position of employers by virtue of paying or owing compensation for services to the individual debtor)."[9]

But the issue in *Usery* case was not whether the compensation to be paid to the debtor constituted his "earnings" up until the moment it was paid, but rather whether it retained its status as "earnings" once paid to the debtor and deposited in his bank account. That issue arose because the question was whether the bank, into which alleged earnings had been deposited, was required to determine whether they were in fact earnings and therefore withhold 75% of them when responding to a garnishment of the bank account. The Ninth Circuit, like the Arizona Court of Appeals in *Frazer, Ryan*, concluded that compensation once paid is no longer "earnings" for purposes of the garnishment limitation. Consequently the Ninth Circuit's

**6.** *Frazer, Ryan, Goldberg, Keyt & Lawless v. Smith*, 184 Ariz. 181, 907 P.2d 1384, 1388 (Ct.App.1995)(citing the federal Consumer Credit Protection Act, 15 U.S.C. § 1672, *et seq.*, and comparing it with the Arizona exemption statute dealing with "disposable earnings," A.R.S. § 33–1131).

**7.** *Frazer, Ryan,* 907 P.2d at 1389.

**8.** *Osworth,* 234 B.R. at 499.

**9.** *Usery v. First Nat'l Bank of Arizona,* 586 F.2d 107, 110 (9th Cir.1978), quoted in *Osworth,* 234 B.R. at 499.

reference to the requirement of an employer was not to characterize earnings but rather to determine who must withhold 75% from a garnishment, and concluded that requirement applied only to the payor in the posture of the employer, not to a recipient bank. There was no intent to distinguish an employee debtor from an independent contractor debtor and, to the extent the court's language could be construed to do so, it was dictum. The result in *Usery* would have been the same regardless of whether the debtor was an employee or an independent contractor— once his wages or commissions were deposited in the bank account, the full amount was subject to garnishment because they were no longer "earnings" but merely "monies."

This Court therefore concludes that the result in *Osworth* was not required by the Ninth Circuit's holding in *Usery*. And, because the Oregon statute expressly includes commissions within the reference to earnings, just as do the CCPA and the Arizona statute, this Court would have reached the opposite result in *Osworth* based solely on a plain meaning interpretation of the statute. Moreover, although

decisions from other courts interpreting the CCPA are split, the greater number conclude the plain language includes commissions even in the absence of an employer-employee relationship.[10]

This raises the issue, however, of whether the Ninth Circuit BAP's decision is binding precedent on this Court even if it was based on an erroneous interpretation of dictum and contrary to the plain language of the statute.[11] If it is binding, then its holding that the federal CCPA requires an employer-employee relationship would be binding on this Court. And if this Court is bound to conclude that is the federal law, then *Frazer, Ryan*'s holding that Arizona law follows the federal law would seem to compel the conclusion that Arizona law would similarly require an employer-employee relationship.

 This Court agrees with Judge Case and Judge Jaroslovsky that bankruptcy courts generally should follow the circuit's BAP decisions "that are 'on point' and not 'meaningfully distinguishable'" even when the bankruptcy court disagrees with the BAP's analysis.[12] And even though *Osworth* dealt with an Oregon stat-

---

**10.** *E.g., Pruss v. Butler* (*In re Pruss* ), 235 B.R. 430, 433–34 (8th Cir.BAP1999)(attorney's accounts receivable exempt as earnings from personal services), *vacated following dismissal of bankruptcy case,* 229 F.3d 1197 (8th Cir. 2000); *In re Jones,* 318 B.R. 841 (Bankr. S.D.Ohio 2005)(self employed contractor's compensation exempt); *In re Duncan,* 140 B.R. 210 (Bankr.E.D.Tenn.1992)(independent insurance agent's commissions and renewal commissions are exempt); *Marian Health Ctr. v. Cooks,* 451 N.W.2d 846 (Iowa Ct.App. 1989)(shoe shiner's compensation exempt); *First Nat'l. Bank of Guthrie v. Brown,* 579 P.2d 825 (Okla.1978)(insurance agent's renewal commissions exempt). *Contra, Olson v. Townsend,* 148 Vt. 135, 530 A.2d 566 (1987)(self employed surveyor's compensation not exempt); *Coward v. Smith,* 6 Kan.App.2d 863, 636 P.2d 793 (1981)(general contractor's compensation not exempt).

**11.** *See In re Proudfoot,* 144 B.R. 876 (9th Cir.BAP 1992)(BAP decisions are binding precedent on all bankruptcy courts within the Ninth Circuit); *In re Windmill Farms, Inc.,* 70 B.R. 618 (9th Cir.BAP1987)(same), *rev'd on other grounds,* 841 F.2d 1467 (9th Cir.1988); *but see Bank of Maui v. Estate Analysis, Inc.,* 904 F.2d 470, 472 (9th Cir.1990)(declining to decide whether BAP decisions are binding on bankruptcy courts, but holding they "cannot bind the district courts themselves").

**12.** *In re Sawicki,* 2008 WL 410229, at *4 (Bankr.D.Ariz., Feb.12, 2008), quoting *Muskin, Inc. v. Indus. Steel Co. (In re Muskin, Inc.),* 151 B.R. 252, 253 (Bankr.N.D.Cal. 1993).

ute that may have had a unique definition of "employer," this Court must conclude that its interpretation of CCPA is on point and not meaningfully distinguishable. However, I also must agree with Judge Jaroslovsky that "It is entirely legitimate for a bankruptcy court to feel unbound by both a published district court opinion from the same district and an Appellate Panel decision where the two conflict." [13] That is the situation here.

The District Court of Arizona recently considered whether commissions of an independent contractor are earnings that are protected by the Arizona exemption statute. In *Warfield*, [14] a judgment creditor attempted to garnish all the commissions owed to an independent insurance agent claiming that the commissions were non-earnings.[15] In deciding the issue, the District Court adopted the Magistrate Judge's Report and Recommendation. The recommendation of Magistrate Judge Anderson concluded that "Arizona's statutory language expressly directs that if it is 'compensation paid or payable for personal services,' without limitations of its applicability to only employer-employee relationships, garnishment of commissions" is subject to the statutory exemption.[16] In addition to that plain language analysis, Magistrate Judge Anderson noted that although Arizona's garnishment statute was primarily adopted from that of Texas, Arizona's statute expressly included the reference to "commissions" unlike the Texas statute.[17] Finally, the opinion relied on the fact that Arizona has held its exemption statutes should be liberally construed for the protection of the debtor and the debtor's family, to whom it matters little whether the debtor is an employee or an independent contractor.[18]

The *Warfield* decision means this Court is not required to follow BAP precedent. Moreover, its analysis is soundly based on the plain language of the statute, and is better reasoned than the BAP's decision in *Osworth*. There is simply no basis in the statutory language to impose an additional requirement based on the nature or relationship of the payor, so long as the garnishment seeks to attach the debtor's compensation for personal services.

This Court views A.R.S. § 33–1131(B) as a limitation on the percentage that may be garnished from a person's compensation for personal services regardless of whether it is in the form of wages earned by an employee or a commission earned by an independent contractor. Therefore the Trustee's objection to the debtor's claimed exemption in real estate commissions is denied.

---

**13.** *Muskin*, 151 B.R. at 254.

**14.** *Warfield v. Alaniz*, 2008 WL 700160 (D.Ariz. Mar.13, 2008).

**15.** *Id.* at *1–2.

**16.** *Id.* at *2.

**17.** *Id.* at *3 (citing *Jackson v. Phoenixflight Prods., Inc.*, 145 Ariz. 242, 700 P.2d 1342, 1345 (1985)).

**18.** *Id.* at *3. *Accord, In re Buchberger*, 311 B.R. 794, 795 (Bankr.D.Ariz.2004)("Arizona law requires that exemptions be liberally construed in favor of the debtor")(citing *Matcha v. Winn*, 131 Ariz. 115, 638 P.2d 1361, 1361 (Ct.App.1981)); *Garcia v. Garcia (In re Garcia)*, 168 B.R. 403, 408 (D.Ariz.1994)(citing *In re Renner*, 822 F.2d 878, 880 (9th Cir.1987)(applying Arizona law)).